UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIAM CRUZ, et al.,

        Plaintiffs,

v.

HSBC BANK USA, NATIONAL ASSOCIATION, et al.,

        Defendants.

2:12-CV-672 JCM (PAL)

**ORDER**

Presently before the court is plaintiffs William Cruz and Anthony Marino's motion for a temporary restraining order. (Doc. 1, Ex. A, Attachment K). This motion was originally filed in the Eighth Judicial District Court, Clark County. Defendant Mortgage Electronic Registration System removed the action to the District of Nevada on April 20, 2012, with the motion for temporary restraining order still pending. For the reasons that follow, this court now denies the motion.

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v.*

**James C. Mahan**
**U.S. District Judge**

*N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

In their motion, plaintiffs allege that any foreclosure on the property is unlawful because (1) the defendants have failed to comply with the non-judicial foreclosure requirements of NRS § 107 and (2) the promissory note has been divorced from the deed of trust. No case law has been provided to support how defendants have failed to substantially comply with § 107, such that this court should preclude a foreclosure sale. Secondly, the Ninth Circuit has rejected the "split the note" theory of liability in the present context. *See Cervantes v. Countrywide Home Loans, Inc.*, – F.3d –, 2011 WL 3911031, *6-7 (9th Cir. Sept. 7, 2011). As such, this court is unable to conclude that plaintiffs enjoy a likelihood of success on the merits of their claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for a temporary restraining order (doc. #1, Ex. A) be, and the same hereby is, DENIED.

DATED April 23, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -