UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CRUZ, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, et al.,<br><br>      Defendants. | 2:12-CV-672 JCM (PAL) |

**ORDER**

Presently before the court is the defendants HSBC, Bank of America, N.A. (BANA), Mortgage Electronic Registration Systems, Inc. (MERS), and ReconTrust's motion to dismiss. (Doc. #7). Plaintiffs William Cruz and Anthony Marino have filed an opposition (doc. #9), to which defendants have replied (doc. #10).

**Factual Background**

The instant lawsuit alleges wrongful foreclosure. Plaintiff Marino is the owner of the property, located at 9565 Cabot Falls Avenue Las Vegas, NV and Plaintiff Cruz is a tenant living at the property. On or about June 1, 2005, Marino obtained a loan from Silver State in the amount of $228,550 to purchase his home. Marino secured the loan by deed of trust, which listed MERS as beneficiary and North American Title Company as trustee. (Doc. #1, ¶ 12). Marino ultimately defaulted on his loan, prompting a series of assignments and transfers of his deed of trust.

. . .

**James C. Mahan**
**U.S. District Judge**

1  On August 20, 2009, MERS assigned the deed of trust to HSBC, granting the company "all beneficial interest under [Marino's] deed of trust." (Doc. #7, Ex. D). That same day, HSBC substituted ReconTrust as trustee (Doc. #7, Ex. F). Finally, ReconTrust recorded a notice of default, which was also notarized and executed on August 20, 2009. (Doc. #7, Ex. E).

On June 15, 2010, ReconTrust recorded a notice of trustee's sale, with a sale date of July 6, 2010. (Doc. #7, Ex. H). Two days later, Marino recorded a certificate of foreclosure mediation, delaying the trustee's sale until August 1, 2011, when HSBC purchased the property. (Doc. #7, Ex. I).

Plaintiffs' suit arises out of their contention that there were multiple "improper transfers of deeds of trusts and a break in the chain of title." (Doc. #1, ¶ 30). In support of this, the plaintiffs argue that ReconTrust was not an authorized holder of the note and, thus, not entitled to file the notices of default and trustee's sale. (Doc. #1, ¶ 31). Plaintiffs also argue that the defendants' conduct gives rise to violations of NRS § 107, specifically alleging the foreclosure sale is void and ineffective to pass title. Plaintiffs further argue slander of title as a cause of action, claiming that ReconTrust falsely and maliciously filed the notice of default against the property. Finally, the plaintiffs ask for declaratory and injunctive relief for the aforementioned reasons. (Doc. #1, ¶ 56-79).

## Discussion

1. Motion to Dismiss

   *(a)   Legal Standard*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level."

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient
2  factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949
3  (internal citation omitted).

4       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949.  Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id*. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

    *(b)*    *Analysis*

    I. Wrongful Foreclosure Claims

    The Nevada Supreme Court has held that "an action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. S&L Ass'n*, 662 P.2d 610, 623 (Nev. 1983). While plaintiffs assert that MERS did not have the authority to assign the deed of trust, thereby setting into motion a chain of alleged illegitimate assignments and substitutions of the deed, the material issue is whether plaintiff Marino defaulted on his loan. Here, Marino admits that he defaulted on his loan (compl. ¶ 20) and he cannot state a claim for wrongful foreclosure, as a matter of law.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

ii. NRS 107.028(1)--Robo-Signing Claims

Plaintiffs argue that Angela Nava's signature appearing on two separate documents representing herself as "assistant secretary" to both MERS and HSBC on two separate documents is evidence of "robo-signing" practices. Plaintiffs' claims of fraudulent document signing by Angela Nava are "grounded in fraud." Accordingly, this court finds that plaintiffs' claims must be pled with particularity under Federal Rules of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp.*, USA 317 F.3d 1097, 1103, 1104 (Cal. 2003) ("In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of rule 9(b).").

Rule 9(b) requires that plaintiffs' claim include "the who, what, where, when, why, and how" in order state with particularity the circumstances constituting fraud or mistake, as required in rule 9(b). *Me v. LNV Corp.*, 2012 U.S. Dist. Lexis 50328, at *8 (C.D. Cal. Apr. 10, 2012). In *LNV*, the court noted that "courts have consistently dismissed robo-signing fraud allegations when they are pled in a conclusory fashion without any factual support because this fails to comply with Rule 9(b)." *Id.* at *9. In considering almost identical facts, the court in *LNV* noted that even if allegations of "robo-signing" were plead sufficiently, the plaintiffs did not name the "robo-signer" as a defendant in the case. *Id.* at *8. Likewise, plaintiffs do not name Angela Nava as a defendant here. This court finds that plaintiffs fail to allege the required factual matter to meet the pleading requirements of Rule 9. Accordingly, the robo-signing claims fail.

iii. NRS §§ 107.028(4), 107.080(2)(a)–Failure to Record

Plaintiffs also contend that the appointment of the new trustee is not effective unless the substitution is recorded in the office of the county recorder. However, the court in *Foust v. Wells Fargo* held that "although a party may record a deed of trust, recordation is not necessary for the assignment to be effective and simply operates to give notice." *Foust v. Wells Fargo*, 2011 WL 3298915, at *2. (Nev. 2011). This court agrees and dismisses this claim.

James C. Mahan
U.S. District Judge

- 4 -

      iv. NRS §§ 107.080, 107.085(3)(b), 107.086(2)(a)(b)–Deficiencies in Notice of Default

Plaintiff makes a number of arguments pertaining to the notice of default claiming that ReconTrust did not meet the statutory requirements of NRS § 107. However, courts have held that parties need only "substantially comply" with the statute incident to conducting foreclosure sales. *See Seiler v. JPMorgan Chase Bank, N.A.*, Case No. 2:10-CV-01405-KJD-RJJ, 2012 U.S. Dist. LEXIS 7094 (D. Nev. Jan. 23, 2012) ("NRS. § 107.080 et seq. requires that parties 'substantially comply' with the statute incident to conducting foreclosure sales or the sale will be invalid."). Plaintiffs have not alleged that defendants did not substantially comply with NRS § 107, *et. seq.* and this court dismisses these allegations, accordingly. Plaintiffs also contend that NRS 107.085(3)(b) requires that a copy of the promissory note be attached to the notice of trustee's sale. However, this statute only applies to a "transfer in trust of a real estate property." *George v. Countrywide Bank*, 2:12-cv-00624-GMN-PAL, 2012 U.S. Dist. Lexis 74367 (D. Nev. May 30, 2012). As such, these claims fail as well.

      v. Slander of Title

In Nevada, to allege a slander of title claim, the plaintiff must allege that "the words spoken were false, that they were maliciously spoken, and that the plaintiff sustained some special pecuniary damages as a direct and natural result of their having been spoken." *Summa Corp. v. Greenspun*, 607 P.2d 569, 573 (Nev. 1980).

Plaintiff alleges slander of title based on the allegations that ReconTrust lacked authority to file the notices of default and trustee's sale, arguing that MERS did not have the authority to assign the deed of trust in the first instance. However, plaintiffs fail to allege that the notice of default was false or malicious. Indeed, plaintiffs admit to defaulting on the loan. Compl. ¶ 20. Accordingly, plaintiffs fail to state a valid slander of title claim.

      vi. Claims for Declaratory Relief

Plaintiff fails to state a cognizable claim for relief. As a result, this court must also dismiss the derivative claims for declaratory relief, as a matter of law. *Roberts v. McCarthy,* 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2011).

vii. Cancellation of Deed

Plaintiffs allege that they have been wrongfully deprived of title to property and owe no monies to any of the defendants listed. However, the power to execute the assignment is not limited to Silver State (the lender) and actually includes MERS. *See e.g. Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1038 (9th Cir. Ariz. 2011) (finding that MERS' involvement and actions in the loan process are valid). Thus, HSBC (MERS having rightfully assigned the deed to it) properly substituted ReconTrust. The court in *Milyakov* held that a cancellation of deed claim does not stand if "defendants have submitted evidence to establish a chain of title, with valid assignments and substitutions." *Milyakov v. JP Morgan*, 2011 U.S. Dist. LEXIS 139096, at *9 (N.D. Cal Dec. 1, 2011). This court agrees and dismisses this claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. #7) be, and the same hereby is, GRANTED.

DATED June 18, 2012.

*[signature: James C. Mahan]*

UNITED STATES DISTRICT JUDGE